**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**October 27, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

SUZANNA NEELEY,

    Petitioner - Appellant,

v.

RYAN LONG; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

    Respondents - Appellees.

No. 25-1131
(D.C. No. 1:24-CV-02283-LTB-RTG)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY** *
_____

Before **HARTZ**, **BALDOCK**, and **CARSON**, Circuit Judges.**
_____

Petitioner Suzanna Neeley, appearing *pro se*, seeks a certificate of

appealability ("COA") to challenge the district court's denial of her 28 U.S.C. § 2254

application for habeas relief.  She also requests to proceed *in forma pauperis*.  For the

reasons stated below, we deny her request for a COA and dismiss this matter.  We

also deny her motion to proceed *in forma pauperis*.

_____

  * This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

  ** After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.

I.

A Colorado jury found Petitioner guilty of first-degree murder. For her crime, the state trial court sentenced Petitioner to life without parole. She appealed, and the Colorado Court of Appeals affirmed her conviction on June 2, 2005. The Colorado Supreme Court denied review on September 12, 2005.

Almost nine years later, on January 21, 2014, Petitioner applied for post-conviction relief pursuant to Colorado Rule of Criminal Procedure ("CRP") 35(c). Her CRP 35 petition worked its way through the system, and the Colorado District Court denied her relief on June 16, 2021.[1] The Colorado Court of Appeals affirmed the denial on December 21, 2023, and the Colorado Supreme Court denied review on June 10, 2024.

A little over two months later, August 19, 2024, Petitioner filed an application under 28 U.S.C § 2254 in the United States District Court for the District of Colorado. The district court asked the parties to address timeliness and exhaustion of state remedies in an additional filing.[2] After reviewing the responses, the magistrate judge issued a Recommendation, advising the district court to dismiss the application as untimely. The Recommendation informed Petitioner of her right to file an objection and explained that failure to do so would result in a waiver of her right to

---

[1] The record shows that over this seven-year span, the parties made various requests for additional time. It includes letters from Petitioner, and responses from both Petitioner and the government.

[2] Neither the magistrate nor the district court addressed any exhaustion issues.

appellate review.  The Recommendation further explained that she must file any objection within fourteen days after the service of the Recommendation.  The district court served the Recommendation on January 23, 2025.  Petitioner filed a letter to the district court on February 10, 2025, eighteen days after the service of the Recommendation.  The district court noted both the untimely nature of the letter and its lack of clear written objections to the issues the Recommendation raised.[3]  The district court adopted the Recommendation, dismissed Petitioner's action with prejudice as untimely, and denied a COA.

Petitioner timely appeals the dismissal and requests a COA.[4]

II.

A.

A party may object to a magistrate judge's recommendations within fourteen days after service of the recommended disposition.  Fed. R. Civ. P. 72(b)(2).  When a party objects, she must be specific to preserve an issue for review.  United States v. 2121 E. 30th St., 73 F.3d 1057, 1060 (10th Cir. 1996).  Under our firm waiver rule, a party must make an objection that is "both timely and specific to preserve an issue . . . for appellate review."  Id.  We may hear an issue not preserved, however, in the

---

[3] The letter included communication from Petitioner's CRP 35(c) counsel, copies of orders related to the CRP 35(c) appeals, and information regarding the prison law library.

[4] Petitioner submitted a "Motion for Order" which the district court construed as a "Motion for Reconsideration" under Fed. R. Civ. P. 59.  Fed. R. App. P. (4)(a)(4)(A) suspended the time to appeal until the district court denied the motion. Petitioner's appeal was then timely submitted.

interests of justice, or if the magistrate judge did not inform a pro-se litigant "of the time period for objecting and the consequences of failing to object." Wardell v. Duncan, 470 F.3d 954, 958 (10th Cir. 2006) (citing Morales-Fernandez v. INS, 418 F.3d 1116, 1119 (10th Cir. 2005)).

Here, the magistrate judge informed Petitioner of both the period for objecting to the Recommendation and the consequences of failing to do so. Petitioner failed to file a timely objection. Additionally, her objections were not specific because Petitioner failed to address the magistrate judge's finding that she filed her habeas petition well outside the one-year statute of limitations.

We have not determined whether the firm waiver rule operates as an independent basis for denying a COA. See United States v. Thyberg, 722 F. App'x 847, 850 (10th Cir. 2018) (unpublished). We decline to decide whether to apply the firm waiver rule in this case, and, if applied, if the interests-of-justice exception would require our consideration despite waiver. Instead, we conclude that the traditional framework does not entitle Petitioner to a COA without relying on the firm waiver rule as a bar.

## B.

To receive a COA, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a petitioner to show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). When the district court dismisses a habeas petition on procedural grounds, rather than on

4

the merits, the petitioner must show that the "procedural ruling barring relief is itself debatable among jurists of reason." Buck v. Davis, 580 U.S. 100, 122 (2017) (citing Slack, 529 U.S. at 484)). We are encouraged to, and often will, resolve any procedural issues without reaching constitutional questions. Slack, 529 U.S. at 485.

Generally, petitioners must file a habeas application within one year of the date their judgment becomes final. 28 U.S.C. § 2244(d)(1)(A); Kenneth v. Martinez, 771 F. App'x 862, 864 (10th Cir. 2019) (unpublished). On September 12, 2005, the Colorado Supreme Court denied review, and Petitioner's judgment became final. Therefore, Petitioner had until September 12, 2006, to file her habeas application under § 2244(d)(1)(A). Petitioner did not file her application until August 19, 2024—almost eighteen years after the one-year limitations period expired. Thus, her application dated August 19, 2024, is untimely under § 2244(d)(1)(A).

On appeal, Petitioner seeks equitable tolling of the one-year limitations period.[5] Equitable tolling is available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (citing Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)). In Petitioner's application, she claims her counsel acted ineffectively on various occasions from final judgment to the time she filed her application. She argues, in essence, that

---

[5] Because Petitioner appears *pro se*, we liberally construe her filings, but do not serve as her advocate. United States v. Pinson, 584 F.3d 972, 975 (10th Cir. 2009) (citing Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)).

counsel caused her eighteen year filing delay. We have held that "sufficiently egregious misconduct on the part of a habeas petitioner's counsel may justify equitable tolling of the [statutory] limitations period." Fleming v. Evans, 481 F.3d 1249, 1256 (10th Cir. 2007). But Petitioner's claims do not reflect instances of "sufficiently egregious misconduct" by her counsel to justify equitable tolling. Id. Additionally, equitable tolling is available only in "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (quoting Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)). As such, "[s]imple excusable neglect" would not meet those circumstances. Id. Here, Petitioner's failure to seek habeas relief for almost eighteen years shows a lack of diligence. Thus, Petitioner is not entitled to equitable tolling.[6]

Because Petitioner does not qualify for equitable tolling, reasonable jurists could not debate whether the district court should have resolved her petition differently. We deny Petitioner's request for a COA and motion to proceed *in forma pauperis*. Because we deny Petitioner a COA, we do not reach the merits of her petition and dismiss this matter.

---

[6] Petitioner does not refer to statutory tolling available under 28 U.S.C. § 2244(d)(2) in her opening brief or reply but does reference it in her CRP 35 petition. Under § 2244(d)(2), "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" tolls the one-year limitations period. 28 U.S.C. § 2244(d)(2). However, Petitioner did not file her CRP 35 petition until 2014—eight years after the one-year limitations period expired. Thus, Petitioner would not be able to avail herself of statutory tolling.

DISMISSED.

Entered for the Court


Joel M. Carson III
Circuit Judge